**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Oscar Andres Castro Garrido**<br><br>**Petitioner,**<br><br>**V.**<br><br>**Kristi Noem, et. al**<br><br>**Respondent.** | **NO.:** |

**PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MEMORANDUM IN SUPPORT THEREOF**

# MOTION AND MEMORANDUM OF LAW

Petitioner Oscar Andres Castro Garrido respectfully moves this Honorable Court for an emergency Temporary Restraining Order preventing his continued unlawful detention and, in the alternative, requiring Respondents to provide him with an immediate individualized bond hearing. Petitioner submits this Motion pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2241.

## I. INTRODUCTION

Petitioner Oscar Andres Castro Garrido is a thirty-year-old native and citizen of Ecuador who lawfully entered the United States on August 14, 2021, pursuant to a valid B-2 nonimmigrant visa. Petitioner has resided in the United States since his lawful admission and has established substantial family and community ties in this country.

Petitioner's strongest ties to the United States arise from his marriage to a United States citizen. Petitioner and his wife were legally married on January 27, 2026, in New York. Following their marriage, Petitioner's wife filed a Form I-130, Petition for Alien Relative, on his behalf on June 12, 2026. The Form I-130 remains pending with U.S. Citizenship and Immigration Services ("USCIS") under Receipt Number IOE0937255148.

Petitioner and his spouse also pursued adjustment of status through a Form I-485, Application to Register Permanent Residence or Adjust Status, and Petitioner filed a Form I-765, Application for Employment Authorization. All three applications are supported by USCIS receipt notices, which are attached as exhibits to Petitioner's habeas petition and this Motion.

USCIS subsequently scheduled Petitioner for an interview concerning his pending Form I-485 application. Petitioner did exactly what the government required of him: he appeared for his scheduled immigration interview. Rather than permitting

him to proceed with his pending adjustment-of-status application, immigration authorities detained him at or in connection with the interview.

Petitioner's detention is particularly troubling because his conduct demonstrates compliance, rather than evasion, of the immigration process. He did not hide from immigration authorities. He did not refuse to appear for his USCIS interview. He voluntarily appeared at the location and time designated by the government to pursue his pending application for lawful permanent residence through his United States citizen spouse.

Petitioner is now detained by Immigration and Customs Enforcement ("ICE") at Delaney Hall Detention Facility in Newark, New Jersey.

Petitioner's continued detention, without a meaningful individualized determination establishing that he is a danger to the community or a flight risk, violates his constitutional right to due process. To the extent Respondents contend that Petitioner is subject to mandatory detention under a different statutory provision, Respondents should be required to identify the statutory and factual basis for that position.

Petitioner therefore seeks emergency relief from this Court. At a minimum, Petitioner respectfully requests an immediate individualized bond hearing before an Immigration Judge. Recent decisions from this District have repeatedly ordered individualized bond hearings for immigration detainees whose detention is governed by 8 U.S.C. § 1226(a).

## II. FACTUAL BACKGROUND

### A. Petitioner Oscar Andres Castro Garrido's background and case posture

Petitioner Oscar Andres Castro Garrido is a thirty-year-old native and citizen of Ecuador, born on April 4, 1996.

Petitioner lawfully entered the United States on August 14, 2021, pursuant to a valid B-2 nonimmigrant visa. Petitioner has remained in the United States since his lawful admission.

Petitioner has established substantial ties to the United States, including a permanent residence and family relationships. Petitioner is married to a United States citizen. The couple was legally married on January 27, 2026, in New York.

Following their marriage, Petitioner's United States citizen spouse filed a Form I-130, Petition for Alien Relative, on his behalf on June 12, 2026. The petition remains pending under Receipt Number IOE0937255148.

Petitioner and his spouse also filed a Form I-485, Application to Register Permanent Residence or Adjust Status, seeking to adjust Petitioner's status through his marriage to his United States citizen spouse. Petitioner also filed a Form I-765, Application for Employment Authorization.

Petitioner possesses the USCIS receipt notices confirming the filing and pending status of the Form I-130, Form I-485, and Form I-765.

USCIS subsequently scheduled Petitioner for an interview regarding his Form I-485 application.

Petitioner complied with the government's instructions and appeared for the scheduled interview.

Petitioner's appearance at the interview is significant. He was not attempting to avoid immigration authorities. Instead, he voluntarily appeared before USCIS to pursue lawful permanent resident status through the immigration process.

It was in connection with this USCIS interview that Petitioner was detained by immigration authorities.

Petitioner is presently detained at Delaney Hall Detention Facility, located at 451 Doremus Avenue, Newark, New Jersey 07105.

Petitioner has provided documentation demonstrating his substantial ties to the United States, including his birth certificate, proof of address, marriage documentation, and USCIS receipts for his pending immigration applications.

Petitioner has every incentive to comply with future immigration proceedings. His spouse is a United States citizen, his Form I-130 remains pending, and his Form I-485 remains pending before USCIS.

**B. Executive Orders and Respondents' Blanket Policy**

Petitioner's detention has immediately deprived him of his physical liberty and separated him from his United States citizen spouse.

Petitioner is currently unable to reside with his wife, participate normally in his marriage, attend to his household responsibilities, or assist his family in the ordinary manner that he did before his detention.

His continued detention also interferes with his ability to meaningfully participate in his pending immigration proceedings.

Petitioner's adjustment-of-status application is not merely theoretical. USCIS had already scheduled Petitioner for an interview concerning his Form I-485 application. Petitioner appeared for that interview, demonstrating that his immigration case was actively proceeding through the administrative process.

Continued detention substantially interferes with Petitioner's ability to communicate with counsel, gather documents, assist his spouse, respond to USCIS requests, and participate meaningfully in the adjudication of his pending applications.

**C. LEGAL STANDARDS**

The standard for issuing a Temporary Restraining Order is generally the same as the standard for issuing a preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).

A TRO is an extraordinary remedy that may be awarded when the movant demonstrates entitlement to emergency relief under the applicable factors. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).

The traditional factors governing preliminary injunctive relief require consideration of: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. Id. at 20; Hope v. Warden York Cnty. Prison, 972 F.3d 310, 319 (3d Cir. 2020).

When the government is a party, the balance-of-equities and public-interest factors substantially overlap. See Nken v. Holder, 556 U.S. 418, 435 (2009).

In addition, because Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his detention, this Court possesses authority to review the legality of Petitioner's present physical custody.

## III. ARGUMENT

Petitioner's Motion for a Temporary Restraining Order should be granted because Petitioner faces immediate and irreparable harm, is likely to succeed on the merits of his constitutional claims, and the balance of the equities and public interest strongly favor emergency relief.

### A. Petitioner Will Suffer Irreparable Harm If Emergency Relief Is Not Granted

Petitioner's continued detention constitutes an ongoing deprivation of his fundamental liberty interest.

The Supreme Court has recognized that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

Every additional day Petitioner remains detained results in another day of physical separation from his United States citizen spouse.

Petitioner and his wife were married only recently, on January 27, 2026. Their marriage is a central component of Petitioner's pending immigration case. His wife has affirmatively pursued a family-based petition on his behalf, and Petitioner has pursued adjustment of status through the filing of his Form I-485.

The continued detention of Petitioner therefore causes substantial and ongoing hardship to both Petitioner and his spouse.

Moreover, Petitioner is currently unable to meaningfully participate in his pending immigration process without the assistance of counsel and his spouse. His Form I-130, Form I-485, and Form I-765 remain pending.

The government's own conduct demonstrates that Petitioner's immigration case was actively proceeding. USCIS scheduled Petitioner for an adjustment-of-status interview, and Petitioner appeared as instructed. His detention immediately thereafter has created an extraordinary disruption in his ability to participate in the process he was attempting to complete.

The loss of physical liberty and the ongoing separation from one's spouse constitute significant injuries that cannot be fully remedied through monetary damages after the fact.

Courts have repeatedly recognized that the deprivation of constitutional rights constitutes irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); Miranda v. Garland, 34 F.4th 338, 365 (4th Cir. 2022).

Petitioner's continued detention also impedes the attorney-client relationship and his ability to participate in his federal judicial proceedings. Physical confinement makes

communication with counsel more difficult, restricts Petitioner's ability to gather evidence, and limits his ability to assist counsel in litigating his habeas petition.

The harm is therefore immediate, ongoing, and incapable of being adequately remedied after the fact.

**B. Petitioner Is Likely to Succeed on the Merits of His Habeas Petition**

Petitioner is likely to succeed on his claim that his continued detention without a meaningful individualized custody determination violates the Due Process Clause.

**1. Petitioner has a substantial liberty interest in freedom from physical detention**

The Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law.

The Supreme Court has repeatedly recognized that freedom from physical restraint constitutes a fundamental liberty interest. See Zadvydas, 533 U.S. at 690.

Although the government possesses authority to detain certain noncitizens during immigration proceedings, that authority is not unlimited. Civil detention must remain connected to legitimate governmental interests and must comply with constitutional procedural protections.

Here, Petitioner was lawfully admitted to the United States pursuant to a B-2 visa. He subsequently remained in the United States and established substantial family and community ties.

He is married to a United States citizen.

He has a pending Form I-130.

He has a pending Form I-485.

He has a pending Form I-765.

He appeared for his scheduled USCIS adjustment-of-status interview.

These facts demonstrate that Petitioner has affirmatively participated in the immigration process rather than attempted to evade it.

**2. To the extent Petitioner is detained under § 1226(a), he is entitled to an individualized bond hearing**

Petitioner respectfully submits that his detention is governed by 8 U.S.C. § 1226(a), rather than mandatory detention under § 1226(c), absent a specific factual and statutory basis establishing otherwise.

Section 1226(a) governs the arrest and detention of a noncitizen pending a decision on whether the noncitizen is to be removed from the United States, and permits release on bond or conditional parole in appropriate circumstances.

Recent decisions from this District have recognized that where immigration detention is governed by § 1226(a), the detainee is entitled to an individualized bond hearing before an Immigration Judge addressing whether the detainee presents a flight risk or danger to the community. See, e.g., Gonzalez Yendiz v. Bondi, No. 2:26-cv-00675, Order (D.N.J. Feb. 9, 2026) (ordering individualized bond hearing within seven days); Jeddou v. Warden of Delaney Hall Detention Facility, No. 2:26-cv-01203, Order (D.N.J. Feb. 25, 2026) (same); Barry v. Cabezas, No. 2:26-cv-01351, Order (D.N.J. Mar. 2, 2026) (same).

More recently, this District has continued to grant habeas relief where the record established detention under § 1226(a) without an individualized custody determination. See Alvarado Huaco v. Soto, No. 2:25-cv-19108 (D.N.J. June 9, 2026).

Petitioner is similarly situated in that he has been physically detained by ICE and, upon information and belief, has not received a meaningful individualized determination concerning whether he presents a danger to the community or a risk of flight.

Petitioner has significant evidence rebutting any presumption that detention is necessary.

He lawfully entered the United States.

He has an established residence.

He is married to a United States citizen.

His spouse filed an I-130 petition on his behalf.

His Form I-485 is pending.

His Form I-765 is pending.

He appeared for his USCIS interview as required.

These circumstances strongly support Petitioner's request for individualized consideration of his custody status.

**3. Petitioner's voluntary appearance at his USCIS interview demonstrates that he is not a flight risk**

Petitioner's conduct immediately before his detention is particularly important.

USCIS instructed Petitioner to appear for an interview concerning his pending Form I-485 application.

Petitioner complied.

He appeared before the immigration authorities voluntarily.

That conduct is inconsistent with an assertion that Petitioner is attempting to evade immigration authorities or avoid the immigration process.

Indeed, Petitioner placed himself in the government's presence specifically because he was attempting to complete the adjustment-of-status process through his marriage to a United States citizen.

Petitioner's voluntary appearance is therefore compelling evidence that he will comply with future proceedings and conditions of release.

**4. Procedural due process requires an opportunity to be heard**

Procedural due process requires, at a minimum, an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

The Mathews factors weigh heavily in Petitioner's favor.

First, Petitioner's private interest is extraordinarily significant. He is presently deprived of his physical liberty and separated from his United States citizen spouse.

Second, the risk of erroneous deprivation is substantial where Petitioner remains detained without a meaningful individualized determination addressing his particular circumstances.

Third, the government's interest in maintaining detention without individualized process is limited where Petitioner has demonstrated strong family ties, a pending adjustment-of-status case, and a willingness to comply with immigration requirements.

The balance therefore weighs strongly in favor of providing Petitioner with an individualized custody determination.

**5. Respondents cannot rely solely upon Petitioner's immigration status to justify continued detention**

Petitioner's immigration status alone cannot substitute for an individualized assessment of the legitimate reasons for continued civil detention.

The Supreme Court has recognized that detention must bear a reasonable relationship to the purpose for which the individual is detained. Zadvydas, 533 U.S. at 690.

Here, Petitioner's circumstances demonstrate that he has significant reasons to comply with the immigration process.

He is married to a United States citizen.

His spouse has filed an I-130 petition on his behalf.

His I-485 application remains pending.

USCIS scheduled him for an interview.

He appeared at that interview.

These facts should be considered in determining whether continued detention is necessary.

**C. Petitioner Is Likely to Succeed on His Claim That Continued Detention Is Arbitrary and Capricious**

Petitioner also challenges Respondents' failure to meaningfully consider his individual circumstances.

Under the Administrative Procedure Act, agency action may be set aside when it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

An agency must consider the relevant factors and articulate a satisfactory explanation for its action. See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

Here, the available facts demonstrate extraordinary circumstances that should be considered in determining whether Petitioner's detention is warranted.

Respondents should consider, at minimum:

1. Petitioner's lawful entry into the United States pursuant to a B-2 visa;
2. Petitioner's continuous residence in the United States since August 14, 2021;
3. Petitioner's marriage to a United States citizen;
4. The Form I-130 filed by Petitioner's United States citizen spouse;

5. Petitioner's pending Form I-485;
6. Petitioner's pending Form I-765;
7. Petitioner's established residence;
8. Petitioner's voluntary appearance at his scheduled USCIS adjustment-of-status interview; and
9. Petitioner's demonstrated willingness to comply with the immigration process.

The failure to meaningfully consider these circumstances before continuing Petitioner's detention would constitute arbitrary and capricious agency action.

**D. Petitioner Has a Strong Likelihood of Success on His Fourth Amendment Claim to the Extent His Arrest Was Unreasonable**

The Fourth Amendment protects individuals from unreasonable seizures.

Petitioner respectfully submits that the circumstances surrounding his arrest and detention warrant judicial review.

Petitioner appeared at a USCIS office pursuant to a scheduled immigration interview. He was not attempting to evade the government. He was complying with a government-issued appointment relating to his pending adjustment-of-status application.

To the extent Respondents arrested Petitioner without a judicial warrant, Petitioner respectfully requests that Respondents be required to identify the legal authority and factual basis supporting the arrest.

The government cannot transform a lawful appearance for an immigration interview into an unrestricted license for arbitrary seizure.

Petitioner's lawful entry, established residence, marriage to a United States citizen, pending immigration applications, and voluntary appearance before USCIS are all circumstances relevant to the reasonableness of the government's actions.

To the extent the arrest lacked adequate lawful authority or individualized justification, Petitioner's seizure violated the Fourth Amendment.

**E. The Balance of the Equities and Public Interest Tip Sharply in Favor of Emergency Relief**

Petitioner has established that the balance of equities and public interest favor emergency relief.

The government has a legitimate interest in enforcing the immigration laws. Petitioner does not dispute that authority.

However, the government has no legitimate interest in maintaining unconstitutional detention.

The public interest is served when federal agencies comply with the Constitution and applicable federal law.

As courts have recognized, "the public interest favors protecting constitutional rights." Leaders of a Beautiful Struggle v. Baltimore Police Department, 2 F.4th 330, 346 (4th Cir. 2021).

Here, granting emergency relief would not prevent Respondents from continuing to pursue Petitioner's immigration proceedings.

Petitioner does not seek an order terminating those proceedings.

Instead, Petitioner seeks protection from unlawful continued detention and, at minimum, an individualized determination of whether his continued detention is necessary.

Petitioner's release, subject to appropriate conditions if deemed necessary, would preserve the government's ability to continue adjudicating his immigration case while protecting Petitioner's constitutional liberty interest.

By contrast, denying emergency relief will result in continuing physical confinement, continued separation from Petitioner's United States citizen spouse,

disruption of his pending adjustment-of-status proceedings, and continued interference with his ability to communicate with counsel.

The equities therefore weigh strongly in Petitioner's favor.

## IV. AN EXPEDITED INDIVIDUALIZED BOND HEARING IS APPROPRIATE EVEN IF THE COURT DOES NOT ORDER PETITIONER'S IMMEDIATE RELEASE

At a minimum, this Court should order Respondents to provide Petitioner with an immediate individualized bond hearing.

This relief is consistent with recent decisions from the District of New Jersey involving immigration detainees held without an individualized bond determination under § 1226(a). Courts have ordered Respondents to provide such hearings within seven to fourteen days.

In Barrera v. Warden, Delaney Hall Detention Facility, the District of New Jersey concluded that detention was governed by § 1226(a) and ordered an individualized bond hearing before an Immigration Judge.

Similarly, in Martinez Sanchez v. Noem, the District of New Jersey concluded that continued detention had become sufficiently arbitrary to violate due process and ordered a bond hearing at which the government was required to establish danger or flight risk by clear and convincing evidence.

Petitioner respectfully requests comparable relief here.

An individualized bond hearing would permit the Immigration Judge to consider Petitioner's unique circumstances, including his marriage to a United States citizen, pending family-based immigration petition, pending adjustment-of-status application, established residence, and demonstrated compliance with USCIS requirements.

## V. CONCLUSION

For the foregoing reasons, Petitioner Oscar Andres Castro Garrido respectfully requests that this Honorable Court:

1. Grant Petitioner's Motion for a Temporary Restraining Order;
2. Order Respondents to immediately release Petitioner from immigration custody;
3. In the alternative, order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within seven (7) days;
4. Order Respondents to identify the statutory and factual basis for Petitioner's continued detention;
5. Enjoin Respondents from transferring Petitioner outside the jurisdiction of this Court while this matter is pending, absent further order of this Court;
6. Prohibit Respondents from removing Petitioner from the United States while this Court considers Petitioner's habeas petition and this Motion for emergency relief; and
7. Grant such other and further relief as this Court deems just and proper.

Dated: August 26, 2028

Pasquale F. Giannetta, Esq.
466 Bloomfield Avenue-Ste.201
Newark, New Jersey 07107
(973)482-7910
Attorney for Petitioner
Attorney ID 020251987

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Oscar Andres Castro Garrido**<br>**Petitioner,**<br>**V.**<br>**Kristi Noem, et. al**<br>**Respondent.** | **NO.:** |

**ORDER**

Upon consideration of Petitioner's Motion for a Temporary Restraining Order and Memorandum in support thereof, it is on this ____ day of August 2026, by the United States District Court for the District of Maryland:

ORDERED that Petitioner's Motion for a Temporary Restraining Order BE and HEREBY IS GRANTED; and it is further

ORDERED that Respondents must immediately release Petitioner and/or provide him with a bond hearing within a reasonable amount of time.

______________________
United States District Judge